IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRED ROYBAL and LORRAINE ROYBAL,

        Plaintiffs,

AND                                         Civ. No. 07-332 BB/RHS

DANIEL GARCIA; GABRIEL SANDOVAL;
MELANIE SANDOVAL; and TIFFANY LEE,
Individually and on behalf of her minor children,
BENJAMIN LEE and AARON LEE; IVAN LEE;
LEVI MAES; AND TERESA MAES, Individually
and on behalf of her minor children, LEVI MAES,
JR., and NIKOLAI MAES; and MISTI JONES,
Individually and on behalf of her minor children,
THERON JONES and ELYSIUM JONES,

        Intervenors,

vs.

ARROW TRUCKING COMPANY, INC., and
ERIC DUBACH,

        Defendants.

## <u>REPORT AND RECOMMENDATIONS</u>

**THIS MATTER** came before the undersigned by Order of Reference [docket no. 210]

from the trial court.  The Order of Reference directed the undersigned to conduct hearings and

perform any legal analysis required to recommend to the Court an ultimate disposition of the

following motions:

    1.  Defendant Arrow Trucking Company, Inc.'s Motion in Limine to Exclude Testimony

of Expert Art Atkinson [docket no. 149]; and

2.  Defendant Arrow Trucking Company, Inc.'s Motion in Limine to Exclude Expert Brian McDonald, Ph.D. [docket no. 152].

An evidentiary hearing was set and conducted on these two pending motions on June 23, 2008, at 9:30 a.m.  Plaintiffs were represented by attorneys Ganesha M. Martin, Esq. and Valentino C. Messina, III, Esq.  Defendant Arrow Trucking was represented by Megan Day Hill, Esq.  As a preliminary matter, counsel advised the Court that they had resolved Defendant Arrow Trucking Company, Inc.'s Motion in Limine to Exclude Testimony of Expert Art Atkinson [docket no. 149] by scheduling Mr. Atkinson's deposition in Arizona on August 5, 2008. Counsel agreed that the motion could be considered withdrawn without prejudice pending the completion of Mr. Atkinson's deposition.  The motion could be reasserted in the event the deposition could not be completed due to scheduling issues.  As to Defendant Arrow Trucking Company, Inc.'s Motion in Limine to Exclude Expert Brian McDonald, Ph.D. [docket no. 152], neither party sought to present testimony or evidence relative to the motion but rather asked the Court to render its recommendations for disposition after oral argument only.

The Court has the understanding that Dr. McDonald will be called to testify as an expert witness by the Plaintiffs on the subject of punitive damages.  Dr. McDonald complains that he cannot publish an expert report because the Court has precluded access to Defendant Arrow's financial condition.  The absence of exact numbers relating to Defendant Arrow do not restrict Dr. McDonald from providing an expert report indicating in detail the nature and extent of his testimony together with the methodology he will apply in formulating his opinions.  This information will serve as a predicate to any future Daubert challenges which may be raised by Defendant Arrow.  In rendering this expert report, Dr. McDonald will not be relying upon

hypothetical information but rather providing a report as to how he will use the financial information in formulating his opinion and what information is necessary for that purpose.  This is not speculation and conjecture but is fact specific to the instant case.

The undersigned has now considered Defendant Arrow Trucking Company, Inc.'s Motion in Limine to Exclude Expert Brian McDonald, Ph.D. [docket no. 152] together with the Response [docket no. 184] and Reply [docket no. 194] thereto as well as all of the pleadings on file in the above-captioned cause together with the arguments and authorities propounded by the respective parties and now makes the following recommendations to the trial court as to the ultimate disposition of these motions:

1.  It is respectfully recommended that the trial court adopt the agreement of the parties relative to Defendant Arrow Trucking Company, Inc.'s Motion in Limine to Exclude Testimony of Expert Art Atkinson [docket no. 149].  This agreement reflects an understanding that the motion will be withdrawn without prejudice pending Mr. Atkinson's deposition in Arizona on August 5, 2008.  If the deposition is completed at the place, date and time agreed between counsel, the motion will then be considered moot.  Counsel for Defendant Arrow Trucking will provide the trial court with an order concerning this agreement.

2.  It is respectfully recommended that Defendant Arrow Trucking Company, Inc.'s Motion in Limine to Exclude Expert Brian McDonald, Ph.D. [docket no. 152] be granted in part and denied in part as follows:

A.  The motion should be denied to the extent it seeks an automatic exclusion of Dr. McDonald for the lack of a written report relative to his opinions.

B.  The motion should be granted to the extent that it directs Dr. McDonald to submit a written report on or before July 18, 2008, addressing the following:

(1)  Describe in narrative detail what testimony Dr. McDonald intends to proffer to the jury.

(2)  Describe in narrative detail the scope of Dr. McDonald's anticipated testimony indicating whether it is limited only to the issue of punitive damages or if it will encompass other matters.

(3)  Describe in detail how Dr. McDonald intends to formulate his opinion, including any adjustments he deems appropriate relative to a relationship or lack of relationship between compensatory damages and punitive damages as well as geographic adjustments reflecting that the jurors will be from the State of New Mexico.

(4)  Describe in narrative detail what information Dr. McDonald requires relative to Defendant Arrow's financial condition such that he believes he can formulate an opinion.

3.  Any Daubert challenges to Dr. McDonald shall be filed on or before July 25, 2008; responses thereto on August 1, 2008; and replies by August 8, 2008.

_Robert Hayes Scott_
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE

-4-