IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRED ROYBAL and LORRAINE ROYBAL,

    Plaintiffs,

AND                                                                                               Civ. No. 07-332 BB/RHS

DANIEL GARCIA; GABRIEL SANDOVAL;
MELANIE SANDOVAL; and TIFFANY LEE,
Individually and on behalf of her minor children,
BENJAMIN LEE and AARON LEE; IVAN LEE;
LEVI MAES; AND TERESA MAES, Individually
and on behalf of her minor children, LEVI MAES,
JR., and NIKOLAI MAES; and MISTI JONES,
Individually and on behalf of her minor children,
THERON JONES and ELYSIUM JONES,

    Intervenors,

vs.

ARROW TRUCKING COMPANY, INC., and
ERIC DUBACH,

    Defendants.

**MEMORANDUM OPINION AND ORDER
RECOMMENDING DISMISSAL WITH PREJUDICE REGARDING
MOTION TO DISMISS GABRIEL AND MELANIE SANDOVAL'S
<u>COMPLAINT FOR LYING IN DISCOVERY</u>**

**THIS MATTER** comes before the Court on Defendant Arrow Trucking Company, Inc.'s

(hereinafter referred to as "Arrow") Motion to Dismiss Gabriel and Melanie Sandoval's

Complaint for Lying in Discovery [docket no. 86]. Because dismissal has been sought in the

motion, the trial court has referred the motion to the undersigned (see docket no. 217) with

-1-

instructions to perform any legal analysis required to recommend to the Court an ultimate disposition of the motion. Neither party has sought oral argument and the Court concludes that the motion may be resolved on the submitted briefs.

After careful consideration of the pleadings and pertinent law, the Court recommends dismissal of Gabriel and Melanie Sandoval's complaint with prejudice.

## *Background*

This lawsuit seeks personal injury and property damages, including punitive damages, arising out of an incident which occurred in Bernalillo County, New Mexico, on February 4, 2007, at approximately 4:30 a.m. Defendant Eric Dubach is alleged to have been operating his Arrow truck in a negligent manner when it crashed into several vehicles and houses. Specifically, Gabriel Sandoval and his wife, Melanie, allege that Defendant Dubach ran into Gabriel's Ford F-150 truck. Gabriel Sanchez alleges that he ran to retrieve his gun and fell down the stairs as he ran out of his house but that he detained Defendant Dubach until the police arrived. As a result of the foregoing, Gabriel Sanchez claims damages based on property damage (the F-150 truck) and medical damages including a tail bone/back injury from falling down the stairs as well as headaches and other associated maladies. Melanie Sandoval claims damages based on the property damage to the F-150 truck as well as loss of consortium which is a derivative of Gabriel's medical claim.

## *Discovery*

In its Memorandum Brief [docket no. 87], Defendant Arrow points to clear and specific instances in which Gabriel and Melanie Sandoval lied in discovery, hid discoverable information, engaged in a willful pattern of deception and willfully withheld relevant

information.  By their conduct, Gabriel and Melanie Sandoval have made a mockery of the discovery process and have prevented Defendant Arrow from conducting complete discovery.

After awakening to a loud sound on February 4, 2007, the Sandovals allege that they saw the Dubach commercial tractor crash into their Ford F-150 truck.  As a result, Gabriel Sandoval asserts that he retrieved his gun and ran down his stairs to apprehend the driver.  In the course of running down his stairs, Gabriel Sandoval claims to have tripped and fallen and injured his tail bone.  He also claims that the fall caused lower back pain, migraine headaches, and anxiety.  In his deposition, Gabriel Sandoval testified under oath that he first sought treatment for injury to his tail bone following the February 4, 2007, fall and he specifically denied any prior injury.  Gabriel testified falsely and concealed and failed to disclose information relative to his prior history of low back pain, prior incidents of falls and injuries (specifically a previous fall down stairs in 2006), and a history of migraine or "major" headaches prior to February 4, 2007.  Movant's Memorandum Brief in Support of Its Motion cites with detail these denials and the attempts by Gabriel and Melanie Sandoval to hide Gabriel's prior tail bone and lower back injury.  Gabriel's response [docket no. 97] does little to refute these allegations except argue that he should be relieved of the ultimate sanction of dismissal because he could not recall his medical history.  Melanie Sandoval does little to refute the allegations of Arrow and asks that she be given the opportunity to present her testimony to the jury subject to impeachment by the Defendants.  The deceit of Gabriel and Melanie Sandoval was willful and void of any good faith.  It is unquestionable that their conduct was egregious and sanctionable.  Gabriel and Melanie Sandoval have instigated this litigation and the matter is soon set for trial.  The trial is a truth-finding process and their intentional deception and misrepresentations not only thwart Defendant

Arrow's right to fair discovery but also represent an obstruction of justice. Gabriel Sandoval's assertions that he "cannot recall" appear to the Court only to be a willful and intentional withholding of information with the hopes that the correct information would not be discovered. Melanie Sandoval argues that while Arrow points to several instances where Gabriel lied in discovery, there is no proof of these allegations concerning Melanie. She contends that dismissal as a sanction is harsh and not necessary. These arguments are not credible. Gabriel and Melanie are husband and wife. It is fair and reasonable to assume that Melanie stood silent while Gabriel intentionally misrepresented his medical history. Her silence was equally obstructive as Gabriel's vocal misrepresentations.

### *Dismissal as a Discovery Sanction*

Dismissal is a drastic sanction reserved for cases involving willful misconduct. Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992). Thus, a court should ordinarily consider a number of factors, including: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party; and (5) the efficacy of lesser sanctions. Id. In addition, the court should ordinarily evaluate these factors on the record, and should dismiss only "when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits." Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co., 497 F.3d 1135, 1144 (10th Cir. 2007) (citation omitted). The undersigned has considered all of these factors as stated herein and concludes that the misrepresentations of Gabriel and Melanie Sandoval were so blatant and calculated that only dismissal of their claims serves justice.

The Tenth Circuit has affirmed dismissals even when the factors were not explicitly recited, where the district court "made clear the reasons for its dismissal ... and its decision [was] fully supported by the record."  Archibeque v. Atchison, Topeka & Santa Fe Railway Co., 70 F.3d 1172, 1175 (10th Cir. 1995) (affirming a dismissal based on discovery violations where the district court found the violations were not mere oversight, the defendant was irreparably prejudiced and Plaintiff's conduct seriously interfered with the judicial process).  The Tenth Circuit has reversed dismissals with prejudice when the court's failure to consider the factors did "not permit [the court] to make an informed decision of whether the trial court adequately considered the criteria relevant to deciding the appropriate sanction."  Mobley v. McCormick, 40 F.3d 337, 341 (10th Cir. 1994) (reversing a R. 41 dismissal where the district court's order did not consider any of the criteria).

### *Recommendation*

The Court's concern is not only those expressed by Arrow but also that the sanctions recommended herein serve as a warning to others who may be tempted to play loose with the facts.  The Court therefore concludes that no penalty other than dismissal with prejudice would serve the cause of justice as concerns the claims of Gabriel and Melanie Sandoval.

_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE