IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**FRED ROYBAL and LORRAINE ROYBAL,**

        Plaintiffs,

and

**DANIEL GARCIA, GABRIEL SANDOVAL, MELANIE SANDOVAL, TIFFANY LEE,** Individually and on behalf of her minor children, Benjamin Lee and Aaron Lee, **IVAN LEE, LEVI MAES, TERESA MAES,** Individually and on behalf of her minor children Levi Maes, Jr., and Nikolai Maes, and **MISTI JONES,** Individually and on behalf of her minor children, Theron Jones and Elysium Jones,

        Interveners,

v.   No. CIV 07-332 BB/RHS

**ARROW TRUCKING COMPANY, INC., and ERIC DUBACH,**

        Defendants.

## MEMORANDUM OPINION
### AND
### ORDER GRANTING ARROW'S MOTION
### FOR PARTIAL SUMMARY JUDGMENT ON COURSE AND SCOPE

**THIS MATTER** is before the Court on the *Motion* of Defendant Arrow Trucking Company *for Partial Summary Judgment* on the issue of whether Defendant Eric Dubach was acting within the course and scope of his employment at the time of the accident [doc. 98].

**Having reviewed all submissions of counsel and performed independent research, the Court finds the *Motion* must be Granted.**

### *Standard for Evaluation of Summary Judgment*

**Summary judgment is appropriate if there is no genuine issue about any material fact and if the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). It is the moving party's burden to show that there is no genuine issue of material fact. *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 982 (10th Cir. 2002). In response, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986). To avoid summary judgment, the nonmoving party may not rest upon the mere allegations in the pleadings but must show, at a minimum, an inference of the existence of each essential element of the case. *Eck v. Parke, Davis & Co.*, 256 F.3d 1013, 1016-17 (10th Cir. 2001) (citing *Hulsey v. Kmart, Inc.*, 43 F.3d 555, 557 (10th Cir. 1994)). When viewing the evidence, the Court must draw reasonable inferences in favor of the nonmoving party. *Matsushita*, 475 U.S. at 587.**

### *Facts*

**Defendant Eric Dubach, a commercial driver, was hired by Defendant Arrow Trucking Company ("Arrow") to haul a load of steel alloy from Louisville, Kentucky, to Visalia, California. Pursuant to Arrow policy, a commercial driver can only use a tractor for Arrow business. In order to detach a load, a commercial driver must obtain prior authorization. Other Arrow truckers may have unhooked their trailers to drive them locally to get food. Dubach stopped at a truck stop in Albuquerque and unhitched his loaded trailer Dubach did not get company authorization to detach his load from the tractor. Dubach knew that**

company policy prohibited him from unhooking and abandoning his loaded trailer.  There is evidence he then ingested methamphetamine and drove through a residential neighborhood at 4 a.m. colliding with several vehicles and homes.

### *Discussion*

Under the doctrine of *respondeat superior*, an employer can only be held vicariously liable for the negligent actions of an employee who is acting within the "course and scope of his employment."  *Medina v. Graham's Cowboys, Inc.*, 827 P.2d 859, 863 (N.M. App. 1992); N.M. U.J.I. 13-406.

Under New Mexico law, a master is liable for the acts of a servant if they are done while the servant is engaged upon the master's business with a view to further the master's interest rather than some personal motive of the servant.  *Nichols v. United States*, 796 F.2d 361 (10th Cir. 1986); *United States v. Mraz*, 255 F.2d 115 (10th Cir. 1958).  While there is no single litmus test, there are several factors to be considered in determining whether an employee is acting in the course and scope of his employment.  *Narney v. Daniels*, 846 P.2d 347, 355 (N.M. App. 1992).  Under New Mexico law, the court should consider whether the action at issue is: (1) the kind of activity the employee is employed to perform; (2) occurs during a period reasonably connected to the authorized activity; (3) occurs in an area connected to the authorized activity; and (4) is activated at least in part by a purpose to serve the employer. *Narney, supra*; *Allendar v. Scott*, 379 F. Supp. 2d 1206 (D.N.M. 2005).  Dubach's abandonment of his load to drive through a residential neighborhood at 4 a.m. satisfies none of these criteria.

Dubach departed from Arrow's mission when he abandoned the loaded trailer of steel alloy.  Dropping the load and trailer was, by Dubach's own admission, contrary to Arrow's

policy and instructions. If Plaintiffs' allegations are true, crashing a tractor into cars and houses in a residential neighborhood at 4 a.m., miles away from the employer's abandoned trailer, is not fairly and naturally incidental to Arrow's delivery mission. By leaving his employer's trailer at a truck stop to go on an early morning frolic of his own, Dubach abandoned the very purpose of his employment and therefore was not legally within the course and scope at the time of the incident. If the employee was acting outside the course and scope of his employment and no reasonable trier of fact could conclude otherwise, summary judgment should be granted. *Rivera v. NM Highway & Transp. Dept.*, 855 P.2d 136, 138 (N.M. App. 1993).

### O R D E R

For the above stated reasons, the Court finds Dubach was not within the course and scope of his employment at the time of the incident, and Arrow's *Motion for Partial Summary Judgment* is GRANTED.

SO ORDERED this 11th day of July, 2008.

_____
**BRUCE D. BLACK**
**United States District Judge**