IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

———————

**FRED ROYBAL and LORRAINE ROYBAL,**

        Plaintiffs,

and

**DANIEL GARCIA, GABRIEL SANDOVAL, MELANIE SANDOVAL, TIFFANY LEE, Individually and on behalf of her minor children, Benjamin Lee and Aaron Lee, IVAN LEE, LEVI MAES, TERESA MAES, Individually and on behalf of her minor children Levi Maes, Jr., and Nikolai Maes, and MISTI JONES, Individually and on behalf of her minor children, Theron Jones and Elysium Jones,**

        Interveners,

v.                                                                No. CIV 07-332 BB/RHS

**ARROW TRUCKING COMPANY, INC., and ERIC DUBACH,**

        Defendants.

## MEMORANDUM OPINION
### AND
### ORDER DENYING ARROW'S MOTION
### FOR PUNITIVE DAMAGES PARTIAL SUMMARY JUDGMENT

        **THIS MATTER** is before the Court on the *Motion* of Defendant Arrow Trucking Company ("Arrow") *for Partial Summary Judgment on the Issue of Punitive Damages* [doc. 102], and the Court having reviewed all the submissions of counsel and being otherwise

apprized, finds there are issues of material fact which prevent the issuance of summary judgment at this time.

### *Standard for Review*

Summary judgment is appropriate if there is no genuine issue about any material fact and if the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). It is the moving party's burden to show that there is no genuine issue of material fact, even if the moving party does not have the ultimate burden at trial. *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 982 (10th Cir. 2002). In response, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986). When viewing the evidence, the Court must draw reasonable inferences in favor of the nonmoving party. *Matsushita*, 475 U.S. at 587.

### *Discussion*

Arrow maintains that "[e]ven accepting Plaintiffs' version of the accident as true, this case arises from the unforeseeable actions of Defendant Dubach, who was acting outside the course and scope of his employment with Defendant Arrow Trucking." The Court has granted Arrow's "course and scope" argument, but foreseeability is not as clear. While the present record is spotty, there is sufficient evidence to require a factual resolution of the question of whether Dubach's actions should have been foreseeable to Arrow.

Accepting Plaintiffs' version of the facts, as the Court must do at this stage, a question is raised as to whether a jury could find Arrow had a basis to foresee Dubach's involvement with drugs. Arrow recruited Dubach from NuWay Trucking School. There is evidence NuWay Trucking School is a school that is known as a place for a "second chance." Dubach's

**criminal history included charges for possession of drug paraphernalia, unlawful delivery of controlled substance (methamphetamine), resisting arrest, and DWI. During the hiring process, David Turner, the Director of Safety and Training for Arrow Trucking Company, was made aware of some of Dubach's negative history. Turner was also aware that Dubach had lied by indicating to the medical examiner that he had never had any problem or history with habit forming controlled substances. While none of these factors would necessarily be sufficient in and of themselves, they are sufficient to require submission to a jury. The pattern is sufficient to create a significant enough issue of material fact to defeat summary judgment.** *Spencer v. Health Force, Inc.*, **107 P.3d 504 (N.M. 2005).**

## O R D E R

For the above stated reasons, Arrow's *Motion for Partial Summary Judgment on the Issue of Punitive Damages* is DENIED.

SO ORDERED this 11th day of July, 2008.

**BRUCE D. BLACK**
**United States District Judge**