I<small>N THE</small> U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> C<small>OURT</small>
<small>FOR THE</small> D<small>ISTRICT OF</small> N<small>EW</small> M<small>EXICO</small>

———

**FRED ROYBAL and LORRAINE ROYBAL,**

        **Plaintiffs,**

**and**

**DANIEL GARCIA, GABRIEL SANDOVAL, MELANIE SANDOVAL, TIFFANY LEE, Individually and on behalf of her minor children, Benjamin Lee and Aaron Lee, IVAN LEE, LEVI MAES, TERESA MAES, Individually and on behalf of her minor children Levi Maes, Jr., and Nikolai Maes, and MISTI JONES, Individually and on behalf of her minor children, Theron Jones and Elysium Jones,**

        **Interveners,**

**v.**                                                **No. CIV 07-332 BB/RHS**

**ARROW TRUCKING COMPANY, INC., and ERIC DUBACH,**

        **Defendants.**

M<small>EMORANDUM</small> O<small>PINION</small>
<small>AND</small>
O<small>RDER</small> D<small>ENYING</small> M<small>OTION TO</small> A<small>MEND</small>

**THIS MATTER** is before the Court on Plaintiffs and Intervonors' *Motion for Leave to Amend Complaint and Plea in Intervention* [doc. 188], and the Court having considered all the submissions of counsel, finds the *Motion* lacks support in the law and it will be Denied.

*Discussion*

During discovery, David "Dav" Turner, Safety Director for Defendant Arrow Trucking Company ("Arrow"), discussed how the Qualcomm computer data from the truck Defendant Dubach was driving was recorded and stored. He also indicated that the Qualcomm computer wiped itself clean every 30 days and that no data remained from the accident. Arrow has also been unable to produce Dubach's log book as it was apparently seized by the police and its whereabouts are unknown.

The matter was set for trial on the June 2008 calendar. On May 23, 2008, Plaintiffs and Interveners (hereafter "Plaintiffs") filed this motion to amend the complaint to add a claim for spoliation of evidence. The deadline to amend pleadings had long passed. Defense counsel opposed this motion.

Plaintiffs knew about both the Qualcomm deletion and the unavailable log book at least by September 2007 but waited until after discovery was closed, the final pretrial order was filed, and trial was two weeks away to seek this amendment. No explanation is provided for the delay and RULE OF CIVIL PROCEDURE 15(a) does not require leave to amend be granted in such a situation. *Smith v. Aztec Well Servicing Co.*, 462 F.3d 1274, 1285 (10th Cir. 2006).

Even if the *Motion* was timely, however, it would not have sufficient legal or factual foundation. As a matter of New Mexico law, not every missing item of evidence supports a cause of action for intentional spoliation of evidence. The separate tort for intentional spoliation of evidence is restricted to cases where evidence was destroyed prior to filing of a complaint "with the sole intent to maliciously defeat or disrupt a lawsuit." *Torres v. El Paso Elec. Co.*, 987 P.2d 386, 402 (N.M. 1999), *overruled other grounds*, *Herrera v. Quality Pontiac*,

73 P.3d 181 (N.M. 2003). The moving party must demonstrate, with citation to the record, that evidence was destroyed "with the sole intent to maliciously defeat or disrupt a lawsuit" and, as a result, plaintiffs are unable to prove their claims. *Torres, supra*.

Plaintiffs first argue that Arrow intentionally destroyed Dubach's log book with the intent to defeat the lawsuit. However, they do not challenge Arrow's assertion Dubach's log book was never returned to Arrow following Dubach's arrest and incarceration. Rather, they contend the Sheriff's Office states they never possessed the log. This is hardly evidence that Arrow intentionally destroyed the log. The investigating officers confiscated the log book, as part of their investigation, but are unable to trace its subsequent course. There is no evidence Arrow possessed it after the accident. Absent control over the evidence, Arrow cannot be held liable for intentional spoliation of evidence. N.M. U.J.I. 13-1651.

Plaintiffs next argue that Arrow intentionally destroyed the Qualcomm data from Dubach's tractor with the intent to defeat the lawsuit. Other than potentially showing earlier deviations by Dubach, which are purely hypothetical, the Qualcomm data would add little. At his deposition, Mr. Turner agreed that he made no effort to preserve this Qualcomm data from the tractor's computer but that hardly amounts to intentional spoliation of vital evidence. *Coleman v. Eddy Potash Inc.*, 905 P.2d 185, 190 (N.M. 1995) (employer has no duty to preserve "personal property for the use of another individual in a potential lawsuit"), *overruled other grounds, Delgado v. Phelps Dodge Chino, Inc.*, 34 P.3d 1148 (N.M. 2001); *Restaurant Management Co. v. Kidde-Fenwal, Inc.*, 986 P.2d 504, 509 (N.M. App. 1999).

In essence, then, although it is theoretically possible someone at Arrow had access to the log and Qualcomm readouts, and Arrow could have done more to find and secure such

3

evidence before Plaintiffs filed suit, however, Arrow had no duty to do so and Plaintiffs waited far too long to raise the issue. Nor is there any assertion Plaintiffs' cannot prove their case without such evidence. Plaintiffs could not sustain a spoliation claim on these pleadings.

## O R D E R

For the above stated reasons, Plaintiffs' *Motion to Amend* is DENIED.

SO ORDERED this 11th day of July, 2008.

                                                                    *Bruce D. Black*
                                                                    **BRUCE D. BLACK**
                                                                    United States District Judge